P. C. PARKERSON, plaintiff in error, *vs*. WILLIAM E. SESSIONS, defendant in error.

Several judgment creditors held executions against the same defendant, and Sessions, the oldest judgment creditor, levied his execution upon the land of the defendant, which was sold at sheriff's sale for $3010 00, which amount was not more than sufficient to pay off Sessions' *fi. fa.*, who, at the sale, became the purchaser of the land. After the sale the sheriff was notified to hold up the money by the attorney for the junior judgment creditors. At the next term of the Court a motion was made calling on the sheriff to show cause why he should not credit the amount of the sale of the land on Session's *fi. fa.* This motion was resisted by the attorney for the junior judgment creditors, on the ground that Sessions had promised Hendry, the defendant in *fi. fa.*, that if he would not move to have the judgment opened under the Relief Law, nor attempt to have a homestead laid off on the land, but allow the land to be sold under his judgment, and if he should become the purchaser thereof, at the sheriff's sale, he would convey to the family of defendant a certain described portion of the land, but if he should not become the purchaser of the land, he would pay the defendant $1,500 00 of the proceeds arising from the sale of the land. There is no dispute as to the fairness of the sale, or that the land was not sold for its full value. The Court ordered Sessions' *fi. fa.* to be credited with the amount of the sale of the land, less the costs, commissions of sale, etc.: *Held*, that upon the foregoing statement of

facts, there was no error in the judgment of the Court below ordering Sessions' *fi. fa.* to be credited with the amount for which the land sold, the same being the oldest *fi. fa.* in the sheriff's hands.

Homestead. Distribution of money under judgments. Lein. Before Judge HARRELL. Randolph Superior Court. May Term, 1869.

At May Term, 1863, two judgments were rendered by said Court against A. B. Hendry, one in favor of· William E. Sessions for $1,785 00, principal, $512 00 for interest to judgment and costs, and the other in favor of A. P. G. Harris for $183 11, principal, $17 35 for interest to judgment and costs. At subsequent terms of said Court other judgments, in favor of other plaintiffs, one of whom was Parkerson, were rendered against Hendry for other sums, amounting in the aggregate to $2031 58, exclusive of interests and costs.

Under one of the *fi. fas.*, founded on one of these judgments, certain land was sold by William F. Davis, then sheriff, (under what *fi. fa.*, or when, does not appear,) and was bid off by said Sessions at $3,010 00. In answer to a rule against the sheriff by Parkerson, the foregoing facts appeared, and it further appeared that Sessions had not paid his bid, but claimed that his judgment should be counted as payment, except as to the *pro rata* share of the judgment in favor of Harris. Such disposition of the bid was objected to, because the said *fi. fa.*, it was said, was not open for the whole amount of the same, because said Sessions, for and in consideration of the promise of said Hendry not to move to have Sessions' judgment submitted to a jury under the "Relief Law," nor to attempt to have a homestead laid off out of said land, had agreed with Hendry that if he, Sessions, bought said land at the sheriff's sale, he would convey to Hendry's family all of said land on the west side of a creek, running through it, and that if any one else bought the land at said sale, he, Sessions, would not claim on his *fi. fa.* from Hendry more than $1,500 00. These objections were demurred to; the demurrer was sustained, and the Court ordered the $3,010, after paying the costs and expenses of sale, to be

credited upon said older *fi. fas.*, as Sessions had claimed it should be, no money having been paid in on said bid.   This action of the Court is here for review.

W. D. KIDDOO, by A. HOOD, for plaintiff in error, said the money should have been paid into Court:   Phillips *et al.*, vs. Behn & Foster, 19th Ga. R., 298.   An agreement not to enforce a judgment is binding:   Chambers vs. McDowell, 4th Ga. R., 185; 24th Ga. R., 288; 30th Ga. R., 731.

FIELDER & JONES, for defendant in error.

WARNER, J.

According to the statement of facts contained in the record, there was no error in the Court below in ordering Sessions' *fi. fa.* to be credited with the amount for which the land sold, the same being the oldest *fi. fa.* in the sheriff's hands.

Let the judgment of the Court below be affirmed.